

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,193-01

### EX PARTE DEREK CLINTON WARD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 48384-A-H-1 IN THE 188TH DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam*.

## O R D E R

Applicant pleaded no contest to engaging in organized criminal activity and was sentenced to four years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because counsel failed to advise him about his parole eligibility. The trial court concluded that counsel was deficient and that but for his deficient conduct Applicant would have insisted on a trial. The trial court recommended that we grant Applicant a new trial.

On this record, counsel was not deficient. In *Ex parte Moussazadeh*, counsel advised the defendant about parole eligibility, and his advice was deficient. *Ex parte Moussazadeh*, 361 S.W.3d

684, 688 (Tex. Crim. App. 2012) ("Prior to applicant's plea, trial counsel advised applicant about his parole eligibility, and that advice was incorrect."). Whether counsel is deficient for not advising a defendant about parole eligibility at all was not before the Court in *Moussazadeh*. Since deciding that case, we have not extended its holding to situations like Applicant's where counsel does not advise a defendant about parole eligibility. We decline to do so today. Relief is denied.

Filed: February 24, 2021
Do not publish